UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC.<br>d/b/a CAREFIRST BLUE CROSS BLUE SHIELD,<br>a Maryland Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST CARE, P.C., et al<br><br>    Defendants. | 04MBD 10217<br><br>MBD No. _____<br><br>C.A. No. 2:04CV191<br>(Pending in E.D. Va. (Norfolk)) |

MOTION TO COMPEL PRODUCTION OF DOCUMENTS
RESPONSIVE TO THIRD-PARTY SUBPOENA
AND REQUEST FOR EXPEDITED ORAL ARGUMENT

Pursuant to Fed. R. Civ. P. 45, defendants First Care, P.C. *et al* (collectively, "First Care") respectfully requests that the Court issue an Order compelling non-party Thomson & Thomson to produce the eight (8) trademark search reports it is withholding (at the instruction of plaintiff's counsel) on the basis of the attorney work product doctrine. While this action is pending in the Eastern District of Virginia (Norfolk Division),[1] the subpoena was issued from this Court,[2] and thus this motion is properly brought before this Court. *See* Fed. R. Civ. P. 45(c)(2)(B).

---

[1] As this Court likely knows, the Eastern District of Virginia (the so-called "Rocket Docket") is a fast-moving Court. This case, filed in mid-March 2004, has been scheduled for trial in early November 2004. Fact discovery closes at the end of September 2004. As such, First Care respectfully requests oral argument on this motion at the Court's earliest convenience.

[2] *See* Exh. 1 hereto (true and accurate copy of subpoena issued to Thomson & Thomson).

As set forth in the accompanying memorandum of law, this is a trademark action in which plaintiff CareFirst of Maryland d/b/a CareFirst BlueCross BlueShield ("CareFirst") alleges that First Care, a medical practice comprised of nine family physicians in the Chesapeake/Portsmouth area of Virginia, is infringing CareFirst's trademark rights and diluting the source-identifying quality of its trademark.

First Care has raised a number of compelling defenses, including the fact that – while the two companies have co-existed for ten years – CareFirst is unable to identify a single "consumer" who has been confused. In addition, First Care claims that – because of the extensive third party use of the marks CAREFIRST and FIRST CARE[3] – CareFirst's trademark rights are weak, at best, and cannot possibly be distinctive and famous under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

Through written discovery, First Care has requested a copy of all trademark searches conducted by or on behalf of CareFirst relating to the marks CAREFIRST or FIRST CARE. On July 6, 2004 (after repeated requests), CareFirst's counsel advised First Care's counsel as follows:

> I have determined that any responsive search reports, *and I believe there is one*, would be protected from discovery by the work-product doctrine and shall be listed on our Privileged Document Log.[4]

After more than eight written and oral requests for CareFirst's privilege log, and numerous promises by CareFirst's counsel to produce the log,[5] First Care's counsel determined that it

---

[3] A Dun & Bradstreet search performed by First Care revealed *hundreds* of companies using the marks CAREFIRST, FIRST CARE, or variants thereof, and a search performed on Westlaw's corporate database generated *over a hundred* companies using the name/mark CAREFIRST and/or FIRST CARE. The results of these searches have been produced to CareFirst's counsel.

[4] *See* Exh. 2 hereto (true and accurate copy of July 6, 2004 letter from Christopher Collins) (emphasis added).

2

would attempt to secure the documents from another source. Accordingly, First Care issued a subpoena to Thomson & Thomson, requesting a copy of all search reports performed for CareFirst relating to the marks CAREFIRST or FIRST CARE.

Thomson & Thomson advised First Care that it had located nine (9) responsive trademark search reports in its archives (a far cry from the *one report* identified by CareFirst's counsel), but stated that it had been instructed by CareFirst's counsel to withhold eight (8) of the reports on the basis of the attorney work product doctrine.[6] More specifically, Thomson & Thomson was advised by CareFirst's counsel that the documents:

> relate to [CareFirst's] enforcement efforts regarding the CAREFIRST mark and name, and that disclosure of these documents would reveal an attorney's decision not only to conduct a particular search in which both the timing and content of the search request would likely reveal the attorney's thought process but also, when coupled with publicly available information, could also reveal the attorney's subsequent advice to the client and the client's enforcement strategy.[7]

First Care filed this motion promptly after receiving Thomson & Thomson's letter.

As set forth more fully in the accompanying memorandum of law, the search reports were not "prepared in anticipation of litigation or trial," as Rule 26(b)(3) requires, and thus they are not protected by the work product doctrine. In fact, Thomson & Thomson in its letter does not even attempt to argue that the documents were prepared in anticipation of litigation or for trial. Moreover, even if the search reports are protected (which they are not), the Court should still compel their production because First Care has made a showing that it "has substantial need

---

*(Footnote continued from previous page)*
[5] During a telephone conference held on August 2, 2004, CareFirst's counsel assured First Care's counsel that the log would finally be produced the following day (August 3).

[6] *See* Exh. 3 hereto (true and accurate copy of August 2, 2004 letter from John Ala).

[7] *See* Exh. 3 hereto.

3

of the materials in the preparation of [its] case and that [it] is unable without undue hardship to obtain the substantial equivalent of the materials by other means. *See* Fed. R. Civ. P. 26(b)(3).

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth herein and in the accompanying memorandum of law, First Care respectfully requests that the Court issue an Order compelling Thomson & Thomson to produce the eight responsive trademark searches in its possession. In light of the undeniably material nature of the documents sought through this motion and the baseless nature of the objections raised by CareFirst (through Thomson & Thomson), First Care also requests that the Court order CareFirst[8] to compensate First Care for the attorneys' fees and costs incurred in the preparation and prosecution of this motion and supporting memorandum of law.

                Respectfully Submitted,

                DEFENDANTS

                By their attorneys

                Jason C. Kravitz, BBO No. 565904
                Kristin Dulong Kuperstein, BBO No. 641710
                NIXON PEABODY LLP
                100 Summer Street
                Boston, Massachusetts 02110
                Tel: 617-345-1000
                Fax: 617-345-1300

Dated: August 3, 2004

---

[8] First Care recognizes that Thomson & Thomson is acting at the direction of CareFirst and its counsel, and thus First Care is not seeking an award of fees and costs from Thomson & Thomson.

### REQUEST FOR EXPEDITED ORAL ARGUMENT
### PURSUANT TO LOCAL RULE 7.1(D)

Defendants hereby request an opportunity to present oral argument in support of their motion. They believe that doing so will assist the Court in better understanding the significance of the documents at issue and why the documents are not protected by the work product doctrine. Given the fast pace with which the underlying action is moving in the Eastern District of Virginia (case filed in mid-March 2004 and discovery closes at the end of September 2004), defendants respectfully request oral argument on this motion at the Court's earliest opportunity.

_____
Jason C. Kravitz

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Counsel for defendants hereby certifies that it has attempted in good faith to resolve or narrow the issues presented in this motion but has been unable to do so. The August 2, 2004 letter from Thomson & Thomson (Exh. 3 hereto) sets forth the basis for withholding the documents.

_____
Jason C. Kravitz

### CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2004, I caused a copy of the within document to be served by first class mail on the following:

Andrew G. Howell, Esq.
Williams Mullen PC
222 Central Park Avenue
Suite 1700
Virginia Beach, VA  23462-3035

Christopher M. Collins
Stevens Davis
1615 L Street, N.W.
Washington, DC 20036

John V. Ala
Corporate Counsel
Thomson & Thomson
500 Victory Road
North Quincy, MA  02171

_____
Jason C. Kravitz

5

BOS1405167.1