UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC. d/b/a CAREFIRST BLUE CROSS BLUE SHIELD, a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CARE, P.C., et al.<br><br>Defendants. | MBD No. 04-10217<br>(Pending in E.D. Va. Norfolk) Civ. Action No. 2:04CV191 |

## CAREFIRST OF MARYLAND, INC.'S MOTION TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Plaintiff Carefirst of Maryland, Inc. d/b/a/ Carefirst Blue Cross Blue Shield ("Carefirst") moves for leave to intervene in the above-captioned matter for all purposes, including to oppose the Defendants' ("First Care") Motion to Compel Production of Documents Responsive to Third-Party Subpoena ("Motion to Compel"). First Care's Motion to Compel seeks to compel the production of subpoenaed documents from a third party, Thompson & Thompson, whom Carefirst engaged in anticipation of litigation to conduct certain trademark searches. The subpoenaed documents (trademark searches and the results) are the protected work product of Carefirst and/or its agents and attorneys. Therefore, Carefirst has an interest in the subject matter of the action, which interest cannot be properly protected unless Carefirst is represented and heard in this matter. Carefirst's Opposition to the Motion to Compel is submitted contemporaneously with and subject to this Motion to Intervene.

## BACKGROUND AND PROCEDURAL HISTORY

As set forth in detail in Carefirst's Opposition to the Motion to Compel, Carefirst brought the underlying proceeding in the Eastern District of Virginia against First Care, P.C. ("First Care") and others, seeking to enforce its trademark and to prevent infringement of the same by First Care. During the course of discovery, First Care served a request for the production of documents on Carefirst that included requests for certain trademark searches performed by Carefirst, its attorney's or their agents. Carefirst timely served objections to those requests based on, among other grounds, the work product doctrine. Thereafter, First Care attempted an end around Carefirst's objection by issuing a subpoena to Carefirst's agent, Thompson & Thompson, for the very same documents.

It is undisputed that Thompson & Thompson conducted the trademark searches at issue at the instruction of Carefirst's counsel in anticipation of litigation. In fact, as indicated in Thompson & Thompson's correspondence to First Care's counsel dated August 2, 2004 (attached as Exhibit 3 to the Motion to Compel), "Thompson & Thompson performed all of the above-listed [9] trademark searches and watches on behalf of its client, Attorney Barth X. deRosa, who is currently with the firm Stevens Davis Miller Mosher LLP of Washington, D.C." Those searches were conducted by Thompson & Thompson, as Carefirst's counsel's agent, in anticipation of and preparation for potential litigation to enforce Carefirst's trademark. As such, the searches conducted at counsel's request are attorney work product and Carefirst has an interest in protecting its work product from disclosure.

Thompson & Thompson objected to production of the subpoenaed records, asserting an attorney work product objection on behalf of Carefirst. First Care moved to compel the production of the trademark searches conducted by Thompson & Thompson

BOS_456173_3/WROSEBUSH

in this Court. Carefirst seeks to intervene in this Miscellaneous Business Docket Action initiated by First Care in order to protect its interest in the work product of its counsel, including that work conducted by third-party agents Thompson & Thompson at counsel's request.

## ARGUMENT

Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure provide for intervention as of right and permissive intervention respectively. Federal Rule of Civil Procedure 24(a) provides that a party may intervene as of right where "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." While an applicant bears the burden of establishing each of these requirements, Rule 24 is to be construed liberally and doubts resolved in favor of the proposed intervenor. See, e.g., Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001).

Carefirst should be permitted to intervene as a matter of right because production of the documents called for by First Care's subpoena to Thompson & Thompson would infringe on the work product of Carefirst's counsel. Carefirst, as part of its enforcement strategy and in anticipation of litigation to enforce its trademark, retained outside counsel to protect its interests. As part of that strategy and in anticipation of litigation, counsel instructed Thompson & Thompson, its agent, to conduct specific trademark searches at its request. For the reasons set forth more fully in the Opposition to the Motion to Compel, those searches are attorney work product and should be protected from disclosure.

Unless the Court permits Carefirst to intervene, Thompson & Thompson will be in the untenable position of attempting to assert Carefirst's rights and its counsel's privileges in this matter. In order to intervene in an action, a potential intervenor need not show that the representation by existing parties is certain to be inadequate. Rather, "the Rule is satisfied if the applicant shows that the representation of his interest 'may be' inadequate," and thus the applicant's burden is "minimal." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). Carefirst's rights and interest in protecting the confidentiality of its attorneys' work product are not likely to be adequately represented by Thompson & Thompson. Even if it is assumed that Thompson & Thompson as a third party with no interest in the outcome of the dispute could be induced to incur the expense of opposing First Care's Motion to Compel, such opposition is not likely to be adequate to protect Carefirst's interests. Thompson & Thompson simply is not in a position to explain Carefirst's purpose in engaging outside counsel to obtain the trademark searches at issue, a central factor in determining the applicability of the work product privilege.

Furthermore, if this Court were to resolve First Care's Motion to Compel without permitting Carefirst's intervention, First Care will have manipulated the discovery process by using a third party subpoena to obtain a party's records without addressing and overcoming that party's objection to the production of its records.

In addition, as First Care admitted on page five of its memorandum in support of motion to compel, Thompson & Thompson does work for many different parties and law firms, including First Care's counsel. Under these circumstances, which raise potential conflicts of interest, a decision affecting Carefirst's rights and interests should not be made without affording Carefirst the opportunity to weigh in on the issue. Thompson &

Thompson's potential interest in not angering its client, First Care's counsel, Nixon & Peabody, raises a question as to the level of interest it will show in supporting an opposition to Nixon Peabody's Motion. Accordingly, intervention by Carefirst to oppose the Motion to Compel is necessary and should be permitted by the Court as a matter of right pursuant to Rule 24(a) or, alternatively, permissively pursuant to Rule 24(b).

## CONCLUSION

For all of the foregoing reasons, Carefirst respectfully requests that this Court grant its Motion to Intervene.

        CAREFIRST OF MARYLAND, INC. d/b/a
        CAREFIRST BLUECROSS BLUESHIELD,


        By: /s/ Steven M. Cowley
        Steven M. Cowley, BBO #554534
        Windy L. Rosebush, BBO #636962
        EDWARDS & ANGELL, LLP
        101 Federal Street
        Boston, MA 02110
        (617) 439-4444


        Barth X. deRosa
        Christopher M. Collins *(pro hac admission being requested by separate motion)*
        STEVENS DAVIS MILLER MOSHER LLP
        1615 L Street NW Suite 850
        Washington, DC 20036
        (202) 785-0100

        Of Counsel to Plaintiff

Date: August 17, 2004

## CERTIFICATE OF SERVICE

I, Steven M. Cowley, hereby certify that a true copy of the above document was served upon the attorney of record for each party by filing electronically or by first class mail, postage pre-paid if counsel is not registered to receive electronic service on August 17, 2004.

_____/s/ Steven M. Cowley_____
Steven M. Cowley